UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| TURELL L. BARNES SR.,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>JUDGE CECILIA CASTELLANOS, et.al.,<br><br>　　　　　Defendants. | Case No: C 14-00911 SBA<br><br>**ORDER DISMISSING ACTION** |

On February 28, 2014, Turell L. Barnes, Sr. ("Plaintiff"), proceeding pro se, commenced the instant civil rights action[1] against various attorneys and state court judges (collectively, "Defendants") arising out of the alleged taking of his home without due process or just compensation. Compl., Dkt. 1. Plaintiff has also filed an application to proceed in forma pauperis ("IFP"). As will be set forth below, the Court dismisses the action pursuant to 28 U.S.C. § 1915(e)(2), and denies Plaintiff's IFP application as moot.

## I.　LEGAL STANDARD

Under 28 U.S.C. § 1915(e)(2), federal courts are authorized to review claims filed IFP prior to service and to dismiss the case at any time if the court determines that: (1) the allegation of poverty is untrue; (2) the action is frivolous or malicious; (3) the action fails to state a claim; or (4) the action seeks monetary relief from a defendant who is immune from such relief. A pleading filed by a pro se plaintiff must be liberally construed. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

---

[1] Plaintiff has styled his pleading as a "Petition for Writ of Certiorari." Dkt. 1. The Court construes this document to be a complaint filed against the individuals named in the caption.

To determine whether an IFP complaint passes muster under § 1915, the Court applies the same standard applicable to motions to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. See Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998). A complaint may be dismissed under Rule 12(b)(6) for failure to state a claim if the plaintiff fails to state a cognizable legal theory, or has not alleged sufficient facts to support a cognizable legal theory. Somers v. Apple, Inc., 729 F.3d 953, 959 (9th Cir. 2013). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Ashcroft v. Iqbal, 556 U.S. 662, 678, (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim has facial plausibility when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

## II.   DISCUSSION

It is undisputed that this case is related to Barnes v. Eugene Schneider, et al., C 13-5333 SBA, which was dismissed without leave to amend on April 21, 2014 for failure to state a claim. See C 13-5333 SBA, Dkt. 7. In the related action, Plaintiff alleged claims against Judge Cecilia Castellanos ("Judge Castellanos"), Eugene Schneider ("Schneider"), and the State of California. See C 13-5333 SBA, Dkt. 1. In the instant action, in addition to alleging claims against Judge Castellanos and Schneider, Plaintiff alleges claims against numerous judges (collectively, "judge defendants") and attorneys (collectively, "attorney defendants"). Id. Plaintiff, however, does not allege any claims against the State of California.

Although not entirely clear, it appears that the facts giving rise to the instant action are the same as those giving rise to the related action. In the related action, the complaint alleged that an "illegal probate" was filed against Plaintiff's real property[2] by Schneider and his client Armaline Childress. See C 13-5333 SBA, Compl. ¶ 2, Dkt. 1. According to

---

[2] The real property is located at 6919 Hamilton Street, Oakland, California. See C 13-5333 SBA, Compl. ¶ 2, Dkt. 1.

1  Plaintiff, Schneider failed to provide "Notice of Hearing to any heirs or party of interest,
2  thereby violating the statutory laws that govern Probate." Id.  The complaint further
3  alleged that Judge Castellanos willfully deprived Plaintiff of rights protected by the
4  Constitution by:  (1) "appointing . . . Schneider as "Special Administer"; (2) "[a]llowing
5  proceeding in a close probate to continue"; and (3) "[d]isregarding to adhere to due process,
6  equal protection and judicial procedures." Id.  Plaintiff asserted that "upon the disregards
7  to adhere to due process, equal protection, judicial procedures, plaintiff was deprived
8  enjoyment of his real property.  Resulting in a[] loss of ownership of the real property and
9  slander of the title, causing an injury in the sum of $1,000,000.00." Id. ¶ 5.  In that action,
10 Plaintiff sought, among other things, compensatory damages in the amount of $1,000,000,
11 an order declaring that the judgment entered in the probate matter is "null and void," and an
12 order reflecting that Plaintiff is the owner of the subject property.  Id. at 4.
13       In the instant action, Plaintiff alleges that "he has been forced into a fictional
14 contract, under threat and duress, and his home taken without the essential rights as
15 afforded in the 5th Amendment." Compl. at 4.  He further alleges that "[t]he Alameda
16 County Superior Court judges listed in the Complaint hindered the execution of the laws of
17 the State  . . . depriving [him] of [the] . . . protections in the Constitution. . . ." Compl. at 3.
18 Plaintiff asserts that he "petitioned the court with evidence of true and correct records of
19 ownership, to only be ignored, rules and procedures twisted, manufactured facts,
20 obstruction of the records and allowed infirm claims and dismissed valid claims." Id.  By
21 this action, Plaintiff "seeks review of the Federal Court's order mandating a cease and
22 desist for violation of due process and constitutional violations." Id.
23    **A.    Rooker-Feldman Doctrine**
24       To the extent that Plaintiff asks this Court to issue an order disrupting or undoing a
25 prior state-court judgment, his action is barred under the Rooker-Feldman doctrine.  See
26 Bianchi v. Rylaarsdam, 334 F.3d 895, 901 (9th Cir. 2003) ("Rooker–Feldman bars any suit
27 that seeks to disrupt or undo a prior state-court judgment. . . ."); Kougasian v. TMSL, Inc.,
28 359 F.3d 1136, 1139 (9th Cir. 2004) (holding that the Rooker-Feldman doctrine bars

federal district courts "from exercising subject matter jurisdiction over a suit that is a de facto appeal from a state court judgment."). The above notwithstanding, Plaintiff's claims fail on the merits, for the reasons set forth below.

### B. Claims Against the Judge Defendants

A judge is absolutely immune from civil liability for acts performed in her judicial capacity. See Stump v. Sparkman, 435 U.S. 349, 356-357 (1978) (holding that a judge is absolutely immune from § 1983 damages even if the action he took "was in error, was done maliciously, or was in excess of his authority"); accord Moore v. Brewster, 96 F.3d 1240, 1243 (9th Cir. 1996) (superseded by statute on other grounds). Such immunity extends to claims for damages as well as claims for declaratory, injunctive and other equitable relief. Mullis v. U.S. Bankruptcy Court, 828 F.2d 1385, 1394 (9th Cir. 1987). Here, there is nothing in the complaint indicating that the claims alleged against the judge defendants are predicated on anything other than actions they undertook in their judicial capacity. Accordingly, because judges are absolutely immune for judicial acts, Plaintiff's claims against the judge defendants are DISMISSED without leave to amend. See Harvey v. Waldron, 210 F.3d 1008, 1012 (9th Cir. 2000), overruled on other grounds by Wallace v. Kato, 549 U.S. 384 (2007).

### C. Claims Against the Attorney Defendants

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated; and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988). No liability for constitutional violations may attach to actions undertaken by private individuals. See Van Ort v. Estate of Stanewich, 92 F.3d 831, 835 (9th Cir. 1996). Here, there is nothing in the complaint suggesting that any of the attorney defendants acted in a capacity other than as a lawyer in private practice. Therefore, because there are no facts showing that any of the attorney defendants acted under color of state law, Plaintiff cannot state a § 1983 claim against them. See Simmons

v. Sacramento County Superior Court, 318 F.3d 1156, 1161 (9th Cir. 2003).  Accordingly, the claims alleged against the attorney defendants are DISMISSED without leave to amend.

### III. CONCLUSION

For the reasons stated above, IT IS HEREBY ORDERED THAT:

1. The complaint is DISMISSED without leave to amend.
2. Plaintiff's IFP application is DENIED as MOOT.
3. The Clerk shall close the file and terminate any pending matters.

IT IS SO ORDERED.

Dated: 5/5/2014

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge